IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CNH INDUSTRIAL CAPITAL AMERICA, LLC**                      **PLAINTIFF**

**V.**                         **CIVIL ACTION NO.: 1:16-cv-00330-LG-RHW**

**PARDEN FARMS, INC. AND**                                  **DEFENDANTS**
**HARVEY D. PARDEN**

**AMENDED FINAL CONSENT JUDGMENT OF REPLEVIN**

THIS DAY this cause came on for hearing on the Joint Motion to Amend Final Consent Judgment of Replevin of CNH Industrial Capital America, LLC ("CNH") and Parden Farms, Inc. ("Borrower") and Harvey D. Parden (**DK#21**), and the Court, having considered same, and having been advised that Plaintiff and Defendants agree to the entry of this Amended Final Consent Judgement of Replevin, is of the opinion that final judgment as to Count I: Replevin, should be entered, and, based upon the agreement of the Plaintiff and the Defendants, makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction over the subject matter of, and the parties to this action. Venue is proper in this Court.

**Loan No. 48121001**

2. On February 28, 2013, Borrower executed a Retail Installment Sale Contract and Security Agreement ("Contract 1") in favor of CNH in the original principal amount of $37,801.50, bearing interest at a rate of 10.74% per annum with a maturity date of March 1, 2018. Contract 1 is secured by a purchase money security interest in one Case IH Disk Harrows Model No. 340 (S/N. YCD062486) (the "Contract 1 Collateral").

3. CNH perfected its purchase money security interest in the Contract 1 Collateral by UCC-1 Financing Statement, Filing Number 20130973174A filed with the Secretary of State on

March 19, 2013.

  4. On February 22, 2016, Borrower agreed to a Payment Schedule Change Agreement whereby the terms of Contract 1 were amended to extend date of the 2016 annual payment from March 1, 2016 to May 1, 2016 and to adjust the amount of the 2016 payment.

  5. Borrower is in default under the terms of Contract 1.  As of the date of the entry of this Consent Judgement, Borrower is past due in the amount of $9,402.01, the amount required to be paid under Contract 1, as modified, on May 1, 2016.

  **Loan No. 48121004**

  6. On September 24, 2013, Borrower executed a Retail Installment Sale Contract and Security Agreement ("Contract 2") in favor of CNH in the original principal amount of $19,920.70, bearing interest at a rate of 10.74% per annum with a maturity date of September 24, 2018.  Contract 2 is secured by a purchase money security interest in one Amadas Peanut Digger Model Number 830 (S/N 0590) (the "Contract 2 Collateral").

  7. CNH perfected its purchase money security interest in the Contract 2 Collateral by UCC-1 Financing Statement, Filing Number 20131147779A filed with the Secretary of State on September 25, 2013.

  8. Borrower is in default under the terms of Contract 2.  As of the date of the entry of this Consent Judgement, Borrower is past due in the amount of $5,720.30, the amount requited to be paid under Contract 2 on September 24, 2016.

  **Loan No. 48121006**

  9. On December 26, 2013, Borrower executed a Retail Installment Sale Contract and Security Agreement ("Contract 3") in favor of CNH in the original principal amount of $213,696.50, bearing interest at a rate of 6.15% per annum with a maturity date of January 1, 2019.  Contract 3

is secured by a purchase money security interest in one Case IH Magnum Tractor Model No. 290 (S/N ZDRD03634) (the "Contract 3 Collateral").

10.     CNH perfected its purchase money security interest in the Contract 3 Collateral by UCC-1 Financing Statement, Filing Number 20131231727A filed with the Secretary of State on December 31, 2013.

11.     On February 22, 2016, Borrower agreed to a Payment Schedule Change Agreement whereby the terms of Contract 1 were amended to extend date of the 2016 annual payment from January 1, 2016 to May 1, 2016 and to adjust the amount of the 2016 payment.

12.     Borrower is in default under the terms of Contract 3. As of the date of the entry of this Consent Judgement, Borrower is past due in the amount of $41,500.89, the amount required to be paid under Contract 3, as modified, on May 1, 2016.

**Loan No. 6117011**

13.     On December 31, 2014, Borrower executed a Retail Installment Sale Contract and Security Agreement ("Contract 4") along with an Multiple Unit Addendum in favor of CNH in the original principal amount of $276,273.92, bearing interest at a rate of 2.90% per annum with a maturity date of January 1, 2020. Contract 4 is secured by a purchase money security interest in two Case IH Tractors Model No.'s MAG275 (S/N 's Z9RZ06523 and Z9RZ04263), two Case IH FM1000 Monitors Model No. RTK (S/N 5444501487 and 5444501488) and two Case IH Controllers Model No. NAVII (S/N 5413500338 and 5428500537 (the "Contract 4 Collateral").

14.     CNH perfected its purchase money security interest in the Contract 4 Collateral by UCC-1 Financing Statement, Filing Number 20151553353A filed with the Secretary of State on January 9, 2015 and then filed an Amended UCC-1 on March 3,2015, Filing Number 20151590657B.

15.     On February 22, 2016, Borrower agreed to a Payment Schedule Change Agreement whereby the terms of Contract 4 were amended to extend date of the 2016 annual payment from January 1, 2016 to May 1, 2016 and to adjust the amount of the 2016 payment.

16.     Borrower is in default under the terms of Contract 4. As of the date of the entry of this Consent Judgement, Borrower is past due in the amount of $52,852.01, the amount required to be paid under Contract 4, as modified, on May 1, 2016.

**Loan No. 61117012**

17.     On May 21, 2015, Borrower executed a Retail Installment Sale Contract and Security Agreement ("Contract 5") in favor of CNH in the original principal amount of $175,179.82, bearing interest at a rate of 4.49% per annum with a maturity date of May 21, 2020. Contract 5 is secured by a purchase money security interest in one Case IH Combine Model No. 8120AF (S/N Y9G206745) and one Case IH 30 Foot Header Model No. 2162 (S/N YAZN12885)(the "Contract 5 Collateral").

18.     CNH perfected its purchase money security interest in the Contract 5 Collateral by UCC-1 Financing Statement, Filing Number 20151660714A filed with the Secretary of State on May 27, 2015.

19.     Borrower is in default under the terms of Contract 5. As of the date of the entry of this Consent Judgement, Borrower is past due in the amount of $36,315.09, the amount required to be paid under Contract 5 on May 21, 2016.

**Loan No. 62038007**

20.     On February 28, 2014, Borrower executed a Retail Installment Sale Contract and Security Agreement ("Contract 6") in favor of CNH in the original principal amount of $120,982.85,

bearing interest at a rate of 7.99% per annum with a maturity date of March 1, 2019. Contract 6 is secured by a purchase money security interest in one Case IH Planters Model No. 1230 (S/N YCS029910) and one Bigham Brothers Strip Till Model No. 16R30 (S/N 1402025)(the "Contract 6 Collateral").

21. CNH perfected its purchase money security interest in the Contract 6 Collateral by UCC-1 Financing Statement, Filing Number 20141285534A filed with the Secretary of State on March 14, 2014.

22. On February 22, 2016, Borrower agreed to a Payment Schedule Change Agreement whereby the terms of Contract 6 were amended to extend date of the 2016 annual payment from March 1, 2016 to May 1, 2016 and to adjust the amount of the 2016 payment.

23. Borrower is in default under the terms of Contract 6. As of the date of the entry of this Consent Judgement, Borrower is past due in the amount of $24,843.26, the amount required to be paid under Contract 6, as modified, on May 1, 2016.

**Loan No. 62038009**

24. On May 22, 2014, Borrower executed a Retail Installment Sale Contract and Security Agreement ("Contract 7") in favor of CNH in the original principal amount of $174,423.88, bearing interest at a rate of 2.95% per annum with a maturity date of May 22, 2019. Contract 7 is secured by a purchase money security interest in one Case IH Magnum Tractor Model No. 340 (S/N ZBRD06397 (the "Contract 7 Collateral")

25. CNH perfected its purchase money security interest in the Contract 7 Collateral by UCC-1 Financing Statement, Filing Number 20141352509A filed with the Secretary of State on June 2, 2014.

26. On June 25, 2015, Borrower agreed to a Payment Schedule Change Agreement

whereby the terms of Contract 7 were amended to extend date of the 2015 annual payment from May 22, 2015 to September 22, 2015 and to adjust the amount of the 2015 payment.

27. Borrower is in default under the terms of Contract 7. As of the date of the entry of this Consent Judgement, Borrower is past due in the amount of $38,597.46, the amount required to be paid under Contract 7, as modified, on May 22, 2016.

28. Pursuant to the terms and conditions of Contract 1, Contract 2, Contract 3, Contract 4, Contract 5, Contract 6 and Contract 7 (collectively the "Contracts") Borrower is liable for reasonable costs and attorneys fees incurred by CNH in connection with the collection of sums due under the Contracts.

29. The Contracts are cross-collateralized. Contract 4, Contract 5, Contract 6 and Contract 7 state:

> Buyer hereby grants to Seller and its successors and assigns (including Assignee) a first priority purchase money security interest in the Equipment, and in all improvements, parts and accessories belonging to the Equipment, and al substitutions, replacements, products, proceeds (including an insurance proceeds) thereof and premium refunds, refunds of any other charges hereunder and all accessions related to the Equipment . . . to secure payment and performance of all existing and future obligations of Buyer under this Agreement or any other agreement between Buyer and Seller, between Buyer and Assignee or any affiliate of Assignee, or where Buyer, under another agreement in favor of Seller or Assignee, is a guarantor or obligor.

30. The Borrower is in default under the terms of the Contracts. The Plaintiff and the Defendants have agreed that CNH is entitled to possession of the Contract 1 Collateral, Contract 2 Collateral, Contract 3 Collateral, Contract 4 Collateral, Contract 5 Collateral, Contract 6 Collateral and Contract 7 Collateral (collectively the "Collateral"), but only on the terms and conditions of this Consent Judgment.

31. On November 1, 2016, the Court entered a Final Consent Judgment of Replevin (DK

#20) which, among other things, required Parden Farms, Inc. to deliver $209,231.02 in past due payments, $121,308.51 in payments becoming due in 2017 and $7,750.00 for reimbursement of an agreed upon amount of attorneys fees incurred by CNH, for a total amount of $338,289.23. The Consent Judgment required the payments to be made on or before November 17, 2016.

32. On November 16, 2016 counsel for Parden Farms, Inc. contacted counsel for CNH and advised that Parden Farms, Inc. had unexpected repairs that needed to be made to the equipment and requested CNH to accept payment for the past due amounts and the attorneys fees, but to defer all payments on all of the Contracts until December 1, 2017.

33. CNH agreed to those terms on the following additional conditions:

(a) The parties would enter into an Amended Consent Judgment reflecting the modifications to the Consent Judgment agreed to by the Parties.

(b) Adequate casualty insurance coverage would be in place on the subject equipment. If adequate proof of insurance is not provided by Parden Farms, Inc., CNH may declare Parden Farms, Inc. in default after written notice and a 14 day period to cure.

(c) The balance of all legal fees, expenses and other charges incurred by CNH above $7,750.00 shall be reflected in the business records of CNH as a portion of the indebtedness until all Contracts are paid in full. Upon payment in full on all Contracts, the attorneys fees, expenses and other charges above $7,750.00 will be waived.

(d) No further requests for extensions, deferrals or for Payment Schedule Changes will be made by Parden Farms, Inc..

(e) If there is a default under an Amended Consent Judgment or under the terms of the

Contracts, as modified pursuant to an Amended Consent Judgment, no legal fees, expenses or other charges incurred by CNH will be waived and will be due and payable along with all other amounts due.

34. Parden Farms, Inc. agreed to the additional conditions proposed by CNH. Thereafter, Parden Farms, Inc. delivered the $219,446.33 to counsel for CNH.

**IT IS THEREFORE ORDERED AND ADJUDGED** that within a reasonable time after the entry of this Amended Consent Judgment, CNH shall prepare and deliver to Defendants Payment Schedule Changes to the Contracts reflecting the application of the $219,446.33 to the Contracts and the modifying the Contract as follows: (i) deferring the next scheduled payment until no earlier than December 1, 2017, (ii); deferring the annual payments under such Contracts thereafter to the same day of each year following the 2017 deferred payment dates and extending the final maturity date of the Contracts as appropriate; (iii) making annual payment adjustments to the Contracts as may be appropriate to account for application of the past due payments and deferred payments; (iv) where applicable, increasing the interest rate on any extensions of a Contract beyond the original maturity date to the then current CNH standard rate, provided, however, that in the event the current standard rate is in excess of 8.49% per annum, the rate on such extensions shall not exceed the rate of 8.49% per annum; and (v) nothing contained in this paragraph shall require CNH to lower the current rate of interest provided for in the Contracts, as modified; and

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant, Parden Farms, Inc. shall ensure that the Collateral has casualty insurance coverage as required under the Contracts and provide CNH evidence of such coverage. Should Parden Farms, Inc. fail to provide proof of such insurance coverage, CNH may provide notice of the default to Parden Farms, Inc. If the default has

not been cured within fourteen days of mailing of said notice, CNH may declare all of the Contracts in default; and

**IT IS FURTHER ORDERED AND ADJUDGED** that the balance of attorneys fees, expenses and other charges incurred previously or in the future in excess of the $7,750.00 previously paid by Parden Farms, Inc. shall be reflected in the business records of CNH as a portion of the indebtedness until all Contracts are paid in full. Upon payment in full on all Contracts, the attorneys fees, expenses and other charges above $7,750.00 will be waived; and

**IT IS FURTHER ORDERED AND ADJUDGED** that in the event Defendants fail to properly make and timely deliver all of the funds as provided for pursuant to the Payment Schedules Changes on or before December 1, 2017 or to make any annual payment due under any one or more of the Contracts, CNH shall entitled to immediate possession of the Collateral and Defendants shall deliver the Collateral to dealers with whom CNH has entered into Master Storage Agreements and will accept delivery of same, the identity of which shall be provided to Defendants, with such delivery to take place within fourteen days of an event of default; and

**IT IS FURTHER ORDERED AND ADJUDGED** that should Defendants fail to properly make and timely deliver the Collateral within fourteen days of the event of default, the United States Marshall Service, or other lawful officer, shall seize the Collateral and deliver said Collateral to CNH or its agent, and in the event the Collateral is located outside of the jurisdiction of the United States District Court for the Southern District of Mississippi, the Defendants shall cause the Collateral to be transported within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division, within 5 calendar days of execution of this Amended Consent Judgment; and

**IT IS FURTHER ORDERED AND ADJUDGED** that failure of the Defendants to comply with the preceding paragraph of this Amended Consent Judgment shall subject the Defendants to the contempt powers of this Court, after notice and an opportunity for a hearing; and

**IT IS FURTHER ORDERED AND ADJUDGED** that upon obtaining possession of the Collateral, CNH shall proceed with disposition of the Collateral pursuant to applicable Mississippi law and the rights and obligations of the Plaintiff and the Defendants shall be governed accordingly, provided, however, that Defendants acknowledge and agree that the redemption rights provided for in Miss. Code Ann. §79-9-623 do not allow Defendants to redeem the Collateral on certain Contracts and not others on account of the cross-collateralization provisions in the Contracts; and

**IT IS FURTHER ORDERED AND ADJUDGED** that no further requests for payment schedule changes or deferral of payments shall be considered by CNH regardless of the reason for the request and, in the event of an event of default, the balance of attorneys fees due to CNH under the Contracts shall become due and payable along with all other amounts due under the Contracts; and

**IT IS FURTHER ORDERED AND ADJUDGED** that there is no just reason for delay as to entry of a final judgment as to Count I of the Complaint and the Court hereby certifies this Final Judgment as a final judgment as to Count I pursuant to Rule 54(b) of the *Federal Rules of Civil Procedure*; and

**IT IS FURTHER ORDERED AND ADJUDGED** that as to Count II of the Complaint for a monetary Judgment, this civil action is hereby held in abeyance pending further order of the Court and the clerk is ordered not to dismiss the case for lack of prosecution; and

**IT IS FURTHER ORDERED AND ADJUDGED** that if no event of default occurs prior

to December 15, 2017, counsel shall file a Rule 41 stipulation of dismissal in this civil action dismissing same, without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that if an event of default occurs prior to December 15, 2017, upon motion of CNH, this civil action shall be returned to the active docket of the Court for the enforcement of this Amended Consent Judgment and for such proceedings as may be necessary for disposition of Count II of the Complaint.

**SO ORDERED AND ADJUDGED** this the 27th day of March, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

AGREED AND APPROVED:

BY:/s/William J. Little, Jr
    William J. Little, Jr. MSB# 1287
    Attorney for Plaintiff

BY:/s/Nathan A. Dickson, II
    Nathan A. Dickson, II, MSB# 102186
    Attorney for Defendants

Presented by:
William J. Little, Jr., MSB #1287
W. Jarrett Little, MSB #104812
LENTZ & LITTLE, P.A.
2505 14th Street, Suite 100
Gulfport, MS 39501
(228) 867-6050
bill@lentzlittle.com
jarrett@lentzlittle.com